**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MetLife Home Loans, | No. CV-11-0185-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Earl D. Maxie; Yvette Hernandez, | |
| Defendants. | |

The court has before it plaintiff MetLife Home Loans' motion to remand (doc. 5), defendants' response (doc. 6) and motion to strike (doc. 7), and plaintiff's reply (doc. 12). On January 20, 2011, MetLife filed an action against defendants in the Superior Court of Arizona in Pinal County for forcible entry and detainer pursuant to A.R.S. §§ 12-1173, 12-1173.01. MetLife asserted in the state court action that it purchased property, formerly owned by defendants, at a trustee's sale. MetLife gave defendants notice to vacate the property, but the defendants failed to vacate. The forcible entry and detainer action followed. Defendants removed the case to this court, asserting federal question, 28 U.S.C. § 1331, and diversity of citizenship jurisdiction, 28 U.S.C. § 1332(a).

It is clear that MetLife's complaint for forcible entry and detainer arises under Arizona law and does not present a federal question. Defendants' generic reference to a federal question in their notice of removal is insufficient to support removal. Moreover, we see no

1  evidence to support defendants' reliance on a counterclaim based on federal law.  Even if
2  such a claim had been presented, however, it is well settled that a federal counterclaim cannot
3  serve as the basis for a district court's federal question removal.  <u>Holmes Group, Inc. v.</u>
4  <u>Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831-32, 122 S. Ct. 1889, 1894 (2002).

5  If a complaint does not present a federal question, "such action shall be removable
6  only if none of the parties in interest properly joined and served as defendants is a citizen of
7  the State in which such action is brought." 28 U.S.C. § 1441(b).  Because defendants purport
8  to be citizens of Arizona, this action is not removable under 28 U.S.C. § 1441.

9  Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 5), and
10 **DENYING** defendants' motion to strike (doc. 7).

11 It is further **ORDERED REMANDING** this case to the Superior Court of Arizona
12 in Pinal County.

13 DATED this 25th day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge